Jiang v. Sessions

BIA
Hom, IJ
A077 718 901

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand eighteen.

PRESENT:
         PIERRE N. LEVAL,
         REENA RAGGI,
         RICHARD C. WESLEY,
              *Circuit Judges.*

_____

YAN JIANG,

              *Petitioner,*

         v.                                    17-41
                                               NAC

MATTHEW G. WHITAKER,
ACTING UNITED STATES ATTORNEY
GENERAL,

              *Respondent.*

_____

FOR PETITIONER:          Dehai Zhang, Esq., Flushing, New
                         York.

**FOR RESPONDENT:**                    Chad A. Readler, Acting Assistant Attorney General; Briena L. Strippoli, Senior Litigation Counsel; Timothy Bo Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Jiang, a native and citizen of the People's Republic of China, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ's") denial of Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Yan Jiang,* No. A077 718 901 (B.I.A. Dec. 23, 2016), *aff'g* No. A077 718 901 (Immig. Ct. N.Y.C. Jan. 15, 2016). Under the circumstances of this case, we review both the IJ's and the BIA's decisions "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). In so doing, we assume the parties' familiarity

2

with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition for review.

I.   <u>Late-Filed Evidence</u>

Jiang challenges the exclusion of evidence filed after a set deadline.  The argument fails because "[i]f a[] . . . document is not filed within the time set by the Immigration Judge, the opportunity to file that . . . document shall be deemed waived." 8 C.F.R. § 1003.31(c); *see Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008).  Jiang faults the IJ for not setting a submission deadline 30 days before her merits hearing, as she contends most IJs in New York City do, which would have resulted in her evidence being timely.   The argument fails because "an IJ has broad discretion to set . . . filing deadlines." *Dedji v. Mukasey*, 525 F.3d at 191–92 (reiterating "wide latitude" accorded IJs in calendar management (internal quotation marks omitted)); *see also* Immig. Ct. Practice Manual Ch. 3.1(b) (according IJs discretion to set evidence filing deadlines).  Here, Jiang does not dispute that, despite having notice and more than two years to gather evidence, she filed such evidence after the deadline set by the IJ.  Moreover, Jiang's argument that

3

the IJ selectively relied on the late-filed evidence is undermined by the IJ's decision, which shows that the only piece of late-submitted evidence on which the IJ relied was the State Department's 2013 International Religious Freedom Report, of which the IJ can properly take administrative notice in any event. *See Qun Yang v. McElroy*, 277 F.3d 158, 163 n.4 (2d Cir. 2002). Accordingly, Jiang fails to demonstrate error.

## II. Past Persecution

The governing REAL ID Act provides that the agency, "[c]onsidering the totality of the circumstances," may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies or omissions in her or her witness's statements, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167.

Here, substantial evidence supports the agency's determination that Jiang was not credible. While in her application Jiang stated that she was slapped several times causing her mouth to bleed; was deprived of sleep, food, and water; and was handcuffed to a chair, it was only on cross examination that she testified to police jabbing her with an electric prod and beating her so severely with a baton that her shoulder continues to feel dislocated. The agency reasonably relied on the omission of these most severe forms of mistreatment from Jiang's application in making its adverse credibility finding. *See Hong Fei Gao v. Sessions*, 891 F3d 67, 77–79 (2d Cir. 2018) (acknowledging that "IJs may rely on non-material omissions and inconsistencies" upon assessment of "probative value of the omission of certain facts" and consideration of whether omitted "facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances"). While "asylum applicants are not required to list every incident of persecution" in an application, *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006), Jiang's cross-examination testimony did not simply furnish additional details; it painted a qualitatively different picture of her physical

5

mistreatment and injuries, *see Majidi v. Gonzales*, 430 F.3d 77, 79-80 (2d Cir. 2005) (relying on omission from application of significant facts asserted in hearing testimony to reject credibility).

Jiang further argues that the agency erred in faulting her for being unable to identify where she was hit with the police baton, when the hearing transcript reflects that she was asked no such question. We need not address the point because, even were we to identify such error, remand would be futile given the identified omissions concerning the very core of Jiang's past persecution claim. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 106-07 (2d Cir. 2006) (recognizing remand futile where agency's "reliance on an erroneous aspect of its reasoning is so tangential that there is no realistic possibility that the outcome would be different on remand" (internal quotation marks omitted)).

Finally, Jiang argues that the agency erred in denying her application for lack of corroboration without first ensuring that such corroboration was reasonably available. While "in certain circumstances, an IJ may not deny relief for failure to produce corroborative evidence" without showing such evidence "was reasonably available to the

petitioner," we have explained that the requirement applies only when the agency "cites inadequate corroboration as a basis for denying relief to an applicant who is *otherwise credible*." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006) (emphasis in original) (alteration and internal quotation marks omitted). That is not this case, because the agency had already determined Jiang was not credible based on her application omissions.

III. Future Persecution

To secure asylum absent past persecution, an applicant must demonstrate an independent well-founded fear of future persecution, which "is a subjective fear that is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted). "In the absence of solid support in the record," however, a fear of persecution "is speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Jiang does not meaningfully challenge the agency's conclusion that she did not establish a well-founded fear of future persecution on account of her practice of Christianity, and therefore, any such challenge is waived. *See Xia Fan Huang v. Holder*, 591 F.3d 124, 130 (2d Cir. 2010).

7

In any event, even if we were to reach the issue, the agency's conclusion is reasonable because the State Department's 2013 International Religious Freedom Report reflects local variation in China's treatment of Christians, and shows no persecution of Christians in Jiang's home region. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 148-49 (2d Cir. 2008) (upholding BIA's no well-founded fear of future persecution determination where enforcement of policy at issue varied by region, and petitioner did not show enforcement in home region amounting to persecution).

Because the agency reasonably found that Jiang failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum or in concluding that she necessarily failed to meet the higher burdens for withholding of removal and CAT relief. *See Y.C. v. Holder*, 741 F.3d 324, 335 (2d Cir. 2013).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

8

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).


                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk